**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| CRESONDRA VALENTINE, | : | Case No. 3:12-cv-373 |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Michael J. Newman |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | | |

**REPORT AND RECOMMENDATION[1]**

This is a Social Security disability benefits appeal for which Plaintiff appears *pro se*. Now before the Court is the Commissioner's unopposed motion to dismiss (doc. 6).

**I.**

Plaintiff's previous application for disability benefits was denied on the merits. *See Valentine v. Comm'r of Soc. Sec.*, Case No. 3:11-cv-250. In this, her second application, Plaintiff attempted to skip a number of the administrative steps required in a case such as this -- specifically, she failed to have a hearing before an Administrative Law Judge ("ALJ"), and she also failed to seek review by the Appeals Council thereafter. *See* doc. 6-1 at PageID 36-38.

The administrative process, required for all disability benefits claimants, mandates that (1) Plaintiff's SSI and/or DIB application(s) be denied initially, and (2) on reconsideration; (3) Plaintiff must appear before an ALJ for an administrative hearing; and (4) following the ALJ's denial of benefits, Plaintiff must seek review before the Appeals Council. *See*, *e.g.*, *Sims v.*

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

*Apfel*, 530 U.S. 103, 106-07 (2000). Only when those four steps are completed may a disability claimant proceed with an appeal in this Court. *Id.*; *Heckler v. Ringer*, 466 U.S. 602, 618-19 (1984) (dismissal proper because claimants must exhaust administrative remedies under § 405(g) before pursuing their action in federal court).

Recognizing that *pro se* Plaintiff has failed to exhaust her administrative remedies, *see* doc. 6-1 at PageID 36-38, this case should be dismissed without prejudice. *Heckler*, 466 U.S. at 618-19; *Willis v. Sullivan*, 931 F.2d 390, 397 (6th Cir. 1991). Plaintiff is **ADVISED** that, if she is permitted to proceed with her application before the ALJ and Appeals Council and seeks thereafter to again appeal to the District Court, she may move to re-open this case at that time.

## II.

The Court therefore **RECOMMENDS** as follows:

1. The Commissioner's unopposed motion to dismiss be **GRANTED**;

2. Plaintiff's *pro se* complaint be **DISMISSED WITHOUT PREJUDICE**; and

3. This case be **TERMINATED UPON THE DOCKET.**

May 2, 2013                                          s/Michael J. Newman
                                                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).